UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.,

    Plaintiff,
v.                                                 Case No.: 8:16-cv-2899-T-36AAS

DADE CITY'S WILD THINGS, INC.,
STEARNS ZOOLOGICAL RESCUE &
REHAB CENTER, INC. D/B/A DADE
CITY'S WILD THINGS, KATHRYN P.
STEARNS, AND RANDALL E. STEARNS,

    Defendants.
_____/

**ORDER**

Before the Court is Plaintiff People for the Ethical Treatment of Animals, Inc.'s **Emergency Application for the Temporary Restraining Order and Preliminary Injunction or, in the Alternative, Emergency Motion for Order Prohibiting Spoliation and Preserving Evidence.** (Doc. 67).

**I.    Background**

On July 12, 2017, the Court granted Plaintiff's Motion to Compel Entry Upon Land and Site Inspection and ordered the inspection to occur on July 20, 2017. (Doc. 63). Defendants' tigers are evidence and the subject matter of this suit. Due to Defendants' messages to the public that the tiger encounters with the public would be available only through the end of July, Plaintiff's request for a site inspection is time-sensitive.

Now, based on the information currently before the Court, Defendants appear to have set in motion a series of events that will lead to the tigers being transferred from Defendants' property

1

located within the Middle District of Florida to The Greater Wynnewood Exotic Animal Park ("Wynnewood"), located in Wynnewood, Oklahoma. Apparently, this transfer of all twenty-two of Defendants' tigers is scheduled to occur by Sunday, July 16, 2017. Because Defendants' transfer of the tigers to Wynnewood would amount to a direct violation of the Court's July 12, 2017 Order mandating that the site inspection go forward on July 20, 2017, the Court is addressing the instant motion on an emergency basis.

## II.     Discussion

In its motion, Plaintiff seeks either entry of a temporary restraining order "enjoining [Defendants] from transporting, transferring or otherwise relocating the tigers on its property until the Court is able to oversee the transfer of the tigers to a reputable sanctuary," (Doc. 67 at 1-2), or, alternatively, entry of a preservation order "preserving the tigers in the state and location they are currently in to ensure PETA will have access to the tigers during the July 20, 2017 Site Inspection ordered by the Court[.]" (*Id.* at 2). Given the procedural posture of the case and Defendants' duty under the Federal Rules of Civil Procedure to preserve evidence, the Court shall consider the motion as a request for entry of a preservation order.

A federal court may issue preservation orders as part of its inherent authority to manage its own proceedings. *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135-36 (Fed. Cl. 2004); *Robinson v. Gielow*, No. 3:14-cv-223-LAC-EMT, 2015 WL 4459880, at *3 (N.D. Fla. July 21, 2015). Federal courts typically employ one of two tests in determining whether to grant a request for a preservation order. Some courts employ a two-prong test that requires the proponent to demonstrate that the order is necessary and not unduly burdensome. *Pueblo of Laguna*, 60 Fed. Cl. at 135-36. Other courts employ a three-factor balancing test, which considers: (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence

in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation. *See, e.g., Robinson*, 2015 WL 4459880, at *3; *Riego v. Carroll*, No. 08-433-SLR, 2009 WL 3448850, at *2 (D. Del. Oct. 23, 2009); *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004).

In its motion, Plaintiff states, among other things, that Defendants own twenty-two tigers; that following this Court's July 12, 2017 hearing, Defendant Dade City's Wild Things, Inc., posted on its website that it had been busy moving animals; that on July 13, 2017, Wynnewood, associated with Defendants through previous animal exchanges, issued email and online solicitations for funds to support the re-homing of twenty-two tigers into its facility on Sunday, July 16, 2017, asserting that, absent financial assistance in re-homing the tigers, the tigers would be euthanized; and that Wynnewood has been previously cited for failure to comply with the minimum requirements of the Animal Welfare Act and was sanctioned for such conduct by the United States Department of Agriculture.  Plaintiff argues that transporting the tigers from Defendants' possession to Wynnewood risks substantial physical harm to the tigers and that transfer of the tigers will effectively prevent Plaintiff from obtaining critical evidence needed to support its Endangered Species Act claims.

Upon consideration, it is **ORDERED** that Plaintiff's **Emergency Application for the Temporary Restraining Order and Preliminary Injunction or, in the Alternative, Emergency Motion for Order Prohibiting Spoliation and Preserving Evidence** (Doc. 67) is **GRANTED**,

on an emergency basis, as follows:

(1) Defendants shall keep its twenty-two tigers on Defendant Dade City's Wild Things, Inc.'s property and shall not transfer, transport, relocate or in any way harm its twenty-two tigers absent further order of the Court;

(2) Defendants shall file an expedited response to the motion on or before July 21, 2017; and

(3) a hearing will be held for further consideration of the motion at 1:00 p.m. on July 26, 2017, in Courtroom 10B[1] of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, 33602.

**DONE AND ORDERED** in Tampa, Florida on this 14th day of July, 2017.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] Specific courtroom subject to change based on courtroom availability.

4