UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.,

    Plaintiff,

v.                                               Case No.: 8:16-cv-2899-T-36AAS

DADE CITY'S WILD THINGS, INC.,
STEARNS ZOOLOGICAL RESCUE &
REHAB CENTER, INC. D/B/A DADE
CITY'S WILD THINGS, KATHRYN P.
STEARNS, AND RANDALL E. STEARNS,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Defendants to Produce Documents and Better Responses to Plaintiff's First Requests for Production of Documents and Interrogatories (Doc. 39), Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel (Doc. 43), and Plaintiff's Reply to Defendants' Memorandum in Opposition to Motion to Compel (Doc. 48). For the reasons stated below, Plaintiff's Motion to Compel is granted as to Interrogatory Nos. 1, 2, and 10, and Document Request Nos. 4, 5, and 38-42. Plaintiff's Motion to Compel is denied as to Interrogatory Nos. 6 and 18, and Document Request No. 45.

**I. BACKGROUND**

Plaintiff, People for the Ethical Treatment of Animals ("PETA"), filed this action against Defendants Dade City's Wild Things, Inc. ("DCWT"), Stearns Zoological Rescue & Rehab Center, Inc., Kathryn Stearns, and Randall E. Stearns, alleging violations of the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 et seq. (Doc. 37).

1

Plaintiff filed the instant Motion to Compel Defendants to Produce Documents and Better Responses to Plaintiff's First Requests for Production of Documents and Interrogatories. (Doc. 39). Defendants filed a response in opposition to Plaintiff's Motion to Compel, wherein Defendants assert that they oppose certain discovery requests as well as aver that proper responses to a number of requests have since been provided. (Doc. 43). Consequently, with the Court's permission, Plaintiff filed a Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel Discovery. (Doc. 48).

**II.     ANALYSIS**

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. That rule provides, in relevant part, that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Here, Plaintiff seeks to compel better responses to Interrogatory Nos. 1, 2, 6, 10, and 18, as well as Requests for Production of Documents Nos. 4, 5, 38-42, and 45. The Court will address these discovery requests in turn.

**A.     Interrogatories**

**<u>Interrogatory No. 1</u>:** Identify all current and former DCWT employees by name, job title,

beginning and ending dates of employment, and general job duties and responsibilities, since January 1, 2012. For former employees, please also provide their last known address and contact information, including phone numbers.

*Response:* The following current or former employees have had access to our tigers: Name, address, phone number, dates of employment.

This interrogatory response is incomplete and plainly deficient. Likely recognizing this deficiency, Defendants served verified amended responses to Plaintiff's Interrogatories. (Doc. 48-1). In the amended response to this interrogatory, Defendants added the names and city of residence for current and former employees having access to the tigers. (*Id.* at p. 19). However, the amended response still fails to include specific dates of employment for current and former employees. This temporal information is discoverable as it is relevant in determining which individuals interacted with the tigers during the time period at issue. Thus, Plaintiff's Motion to Compel as to Interrogatory No. 1 is granted. Defendants shall provide a complete answer to Interrogatory No. 1, no later than **October 27, 2017**.

**Interrogatory No. 2:** Identify each tiger DCWT has possessed from January 1, 2012 to the present, including by providing the name, sex, date of birth, death (if applicable), pedigree (i.e., information regarding the tiger's parents), dates you possessed the tiger, and current location of each tiger.

*Response:* We have attached a spreadsheet as Exhibit B1 with a list of tigers we possessed. We do not have information on the pedigree of these tigers.

Although Defendants served verified amended responses, the amended response to this interrogatory fails to include the dates that DCWT possessed the tigers and the current location of each tiger. (Doc. 48-1). This information is discoverable as it is relevant in determining when Defendants possessed the tigers at issue and the tigers' current whereabouts. To the extent that the current location of a tiger is not known, Defendants shall provide that tiger's last known location. Accordingly, Plaintiff's Motion to Compel as to Interrogatory No. 2 is granted.

Defendants shall provide an amended answer to Interrogatory No. 2, no later than **October 27, 2017**.

> **Interrogatory No. 6:** Identify and provide a complete and detailed description of each physical and/or psychological illness or injury for any tiger that is or was in your possession, custody, or control from January 1, 2012 to the present.
>
> *Response:* Our tigers periodically suffer from minor scratches and bites from playing or mating. I know that one tiger had an injured paw and received stitches. Otherwise I cannot recall specific instances of injuries. If an animal is injured, Kathy Stearns typically would call the veterinarian who may or may not have a record.

Plaintiff objects to Defendants' response to this interrogatory because they did not include "Tasha," the tiger with the skin condition. (Doc. 39, p. 10). In addition, Plaintiff alleges that Defendants' response does not identify the tiger that received the stitches or injured its paws. (*Id.*).

In response, Defendants state that "Tasha" is a cougar, not a tiger, and need not be included. (Doc. 43, p. 2). Also, Defendants state that they do not recall which specific tigers suffered those injuries. (*Id.*). The Court is satisfied that Defendants' response, while lacking detailed and specific information, meets the general requirements of Rule 33 of the Federal Rules of Civil Procedure.[1] Accordingly, Plaintiff's Motion to Compel as to Interrogatory No. 6 is denied.

> **Interrogatory No. 10:** Provide a complete and detailed description of each transfer since January 1, 2012 between DCWT and any third party, including the name and age of the tiger transferred, the date of the transfer, the sending or recipient party, and the dollar amount paid or received by DCWT for such transfer, if any.
>
> *Response:* Objection. This request calls for information that is not relevant to any claim

---

[1] The Court assumes that Defendants have complied with the Middle District of Florida's Handbook on Civil Discovery in responding to this request. Specifically, the Handbook provides that, "A party and counsel ordinarily have complied with their obligation to respond to interrogatories if they have … [c]onducted a reasonable injury, including a review of documents likely to have information necessary to respond to interrogatories …" Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida § IV(B)(3). Further, this information is likely available by other means as well, such as veterinary records and witness testimony.

or defense or proportional to the needs of the case. In addition, the interrogatory seeks information that implicates the privacy rights of third parties. Without waiving this objection, we will produce responsive documents with the identity of third parties redacted.

Defendants produced copies of twenty-one USDA-APHIS Form 7020s ("Transfer Forms"), but redacted the identity and contact information of the third parties. Defendants cite to *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), in support of the proposition that the Court "is required to protect the privacy rights of third parties when assessing discovery requests." (Doc. 43, pp. 2-3). However, as Plaintiff points out, *Seattle Times Co. v. Rhinehart* holds that, where good cause exists, a trial court may issue a protective order to prevent a party from disseminating information without violating that party's freedom of speech. 467 U.S. 20, 37 (1984). Defendants bear the burden to show "good cause" exists for a protective order under Fed. R. Civ. P. 26(c). *See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005). Here, a protective order has not been sought or entered. In addition, without more information, the Court concludes it is unlikely that Defendants or the third parties would have a reasonable expectation of privacy in government forms that are subject a public records request.

Defendants also argue that Plaintiff's "focus" is "on the tigers' treatment while in DCWT's possession, not after they left." (Doc. 43, p. 3). Thus, Defendants argue, this information about the third parties is not discoverable. The Court disagrees. Those who acquired tigers from DCWT are likely to have relevant and discoverable information about the tigers' physical condition and health at the time of the transaction. In addition, the Complaint specifically alleges that by acquiring tigers for use in encounters and by selling tigers, Defendants perpetuate a continuing cycle of ESA violations. (Doc. 37, ¶¶ 87-89, 93, 97-100). Thus, information concerning the transactions themselves is relevant and discoverable. Plaintiff's Motion to Compel as to

Interrogatory No. 10 is granted. Defendants shall provide an amended answer to Interrogatory No. 10, no later than **October 27, 2017.**

> **Interrogatory No. 18:** State the amount of revenue, profit, and losses, broken down by year, from January 1, 2012 to the present, for Dade City's Wild Things, Inc. and Stearns Zoological Rescue & Rehab Center, Inc. Revenue, profit, and/or losses that correspond to other individuals or entities should not be included or should be separately identified.
>
> *Response:* Objection. This request calls for information that is not relevant to any claim or defense or proportional to the needs of the case. As reflected in the preceding interrogatory answer, DCWT is withdrawing its claim for lost profits.

After this discovery request was propounded, Defendants dropped their claim for lost revenues and profits. (Doc. 38, Amended Answer, Affirmative Defenses, and Counterclaim). However, Plaintiff contends that the requested financial information is still relevant to show that Defendants were financially unable to support their animals. Plaintiff, however, has not alleged anywhere in its First Amended Complaint that Defendants were unable to financially support their tigers. (*See* Doc. 37, Amended Complaint). To the contrary, Plaintiff alleges that Defendants' tiger encounters are "lucrative." (*Id.* at ¶ 27). Thus, the information requested is not relevant to any party's claim or defense. Accordingly, Plaintiff's Motion to Compel as to Interrogatory No. 18 is denied.

## B. Requests for Production of Documents

The Court will separately address the following categories of documents at issue: (1) documents related to tiger handling, training, and encounters with the public, (2) requests for employee records, and (3) documents related to alleged conservation efforts.

### 1. Documents Relating to Tiger Handling, Training, and Encounters with the Public (Request for Production Nos. 4 and 5)

**Request for Production No. 4:** All documents that set forth your policies or practices with respect to caring for, handling, training, treating, controlling, correcting, or disciplining

tigers in your possession, custody, or control from January 1, 2012 to the present, including but not limited to any DCWT manuals, instructions, guidelines, rules, or protocols relating to tiger care, nutrition, feeding, vaccination, sanitation of tiger enclosures, and/or the separation of tigers from their mothers.

*Response:* Objection. This information calls for confidential information and trade secrets. Defendant shall produce responsive documents upon entry of an agreed upon confidentiality order.

**Request for Production No. 5:** All documents, including but not limited to, any instructions, protocols, guidelines, or rules, relating to encounters with tigers by DCWT's patrons, customers, guests or visitors.

*Response:* Objection. This information calls for confidential information and trade secrets. Defendant shall produce responsive documents upon entry of an agreed upon confidentiality order.

Defendants state that they do not object to producing these documents, but request to keep them confidential as a trade secret. (Doc. 43, p. 4). "To qualify as a trade secret, the information that the [party] seeks to protect must derive economic value from not being readily ascertainable by others and must be the subject of reasonable efforts to protect its secrecy." *Gibson v. Resort at Paradise Lakes, LLC*, No. 8:16-CV-791-T-36AAS, 2017 WL 735457, at *3 (M.D. Fla. Feb. 24, 2017) (citing *Del Monte Fresh Produce Co. v. Dole Food Co., Inc.*, 136 F. Supp. 2d 1271, 1291 (S.D. Fla. 2001)). "If the information in question is generally known or readily accessible to third parties, it cannot qualify for trade secret protection." *Id.* On the current record, Defendants have not demonstrated how the information requested by these two requests qualifies as trade secret. Therefore, Plaintiff's Motion to Compel as to Requests for Production Nos. 4 and 5 is granted. Defendants shall provide Plaintiffs with responsive documents no later than **October 27, 2017**.

The Court further notes that the Case Management and Scheduling Order entered in this action specifically states:

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality

> agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce stipulated and signed confidentiality agreements. ...

(Doc. 25, p. 4). Consequently, the parties are encouraged to reach their own agreement as to the parties' confidential treatment of certain documents. If the parties are unable to agree, an appropriate motion may be filed.

### 2. Employment Records (Request for Production Nos. 38-42)

**Request for Production Nos. 38-42:** All documents related to [Delena Pennington, Samantha Hagan, Megan Gupton, Christin Boettcher, and Kelsey Johnson] including but not limited to any communications with or pertaining to [them], any personnel records from [their] employment or [their] time as a volunteer at DCWT, any records related to inquiries you made to the references listed on [their] employment application, any documents you provided to [them] or received from [them], and any documents signed or purportedly signed by [them].

*Response:* Objection. This request calls for the production of documents that are not relevant to any claim or defense or proportional to the needs of the case.

"Federal courts recognize that personnel files contain private information and that they should exercise caution in permitting the discovery of information which may embarrass non-party employees." *Moss v. GEICO Indem. Co.*, No. 5:10-CV-104-OC-10TBS, 2012 WL 682450, at *5 (M.D. Fla. Mar. 2, 2012). As such, personnel files should be treated with special sensitivity. *Sanchez v. Cardon Healthcare Network, LLC*, No. 3:12-CV-902-J-34JBT, 2013 WL 2352142, at *2 (M.D. Fla. May 29, 2013). The party seeking discovery may only obtain information directly relevant to the claims at issue. *See Gov't Employees Ins. Co. v. Prushanksy*, No. 12-80556-CIV, 2013 WL 499382, at *3 (S.D. Fla. Jan. 4, 2013).

In its reply, Plaintiff clarifies that it does not seek the personal information (by way of example, social security numbers and health related information) that may be contained in these DCWT employees' personnel files. (Doc. 48, p. 5). Even with personal information excluded,

however, these requests for employment records are overly broad and potentially seek irrelevant information that may embarrass non-party employees. Therefore, the requests shall be limited to seeking only the employees' records and communications relating to the employees' interaction with tigers, including those records and communications broadly relating to training and caring for tigers, and records, if any, relating to any purported mistreatment of any animal by the employee.

In addition, Plaintiff seeks copies of the Non-Disclosure Agreement ("NDA") that Defendants required their employees to sign. Because Defendants have counter-sued Plaintiff for tortious interference with business and contractual relationships relating to the NDA entered into between Defendants and its employees (Doc. 38),[2] copies of the NDAs are relevant and proportionate to the needs of this case.

Therefore, the documents responsive to Plaintiff's Request for Production Nos. 38-42, as narrowed by the Court and with the personal information redacted, shall be provided no later than **October 27, 2017**.

### 3. Conversation Efforts (Request for Production No. 45)

**Request for Production No. 45:** All documents pertaining to your communications with University of Arizona.

*Response:* Objection. This request calls for the production of documents that are not relevant to any claim or defense or proportional to the needs of the case.

Defendants claim they have "no documents responsive to this request." (Doc. 43, p. 6). The Court is satisfied with this representation by counsel. Accordingly, and the motion to compel is moot as to this request.

---

[2] Defendants' Amended Answer, Affirmative Defenses, and Counterclaim does not list specific employees under this claim. (Doc. 38, pp. 14-15).

## III. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel Defendants to Produce Documents and Better Responses to Plaintiff's First Requests for Production of Documents and Interrogatories (Doc. 39) is **GRANTED in part and DENIED in part** as provided in the body of this Order. The parties shall bear their own attorneys' fees and costs incurred a result of this motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(C).

**DONE AND ORDERED** in Tampa, Florida on this 4th day of October, 2017.

AMANDA ARNOLD SANSONE
United States Magistrate Judge