UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.,

    Plaintiff,
v.                                                    Case No.: 8:16-cv-2899-T-36AAS

DADE CITY'S WILD THINGS, INC.,
STEARNS ZOOLOGICAL RESCUE &
REHAB CENTER, INC. D/B/A DADE
CITY'S WILD THINGS, KATHRYN P.
STEARNS, AND RANDALL E. STEARNS,

    Defendants.
_____/

## ORDER

Before the Court is Defendants, Dade City's Wild Things, Inc., Stearns Zoological Rescue & Rehab Center, Inc. d/b/a Dade City's Wild Things, Kathryn P. Stearns and Randall E. Stearns and Non-Parties, Kenny Stearns, Greater Wynnewood Exotic Animal Park, LLC, Joseph Maldonado, and Jeff Lowe's (collectively, "Movants") Motion to Recuse Magistrate Judge (Doc. 115), and Plaintiff People for the Ethical Treatment of Animals, Inc.'s Response in Opposition to Movants' Motion to Recuse Magistrate Judge (Doc. 123).

Movants seek the undersigned's recusal in this matter pursuant to 28 U.S.C. § 455(a). (Doc. 115, p. 9). As grounds for recusal, Movants outline various comments publically made about the undersigned by certain defendants and non-parties. (*Id.* at pp. 4-9). Movants contend that these comments must cause the undersigned's impartiality to "reasonably be questioned." (*Id.* at p. 9).

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States

1

shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Recusal is warranted under § 455(a) when an objective, fully-informed, lay observer would entertain significant doubt about the judge's impartiality. *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015); *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

"It has long been established ... that a party cannot force a judge to recuse [her]self by engaging in personal attacks on the judge." *Cuyler v. Aurora Loan Servs., LLC*, No. 12-11824-DD, 2012 WL 10488184, at *1, n.2 (11th Cir. Dec. 3, 2012) (citation omitted); *see also United States v. Malmsberry*, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002) (denying recusal after a defendant threatened to kill the judge). To hold otherwise would create an opportunity for parties to exhibit hostile behavior strategically to force disqualification. *In re Kozich*, 534 B.R. 427, 429 (S.D. Fla. 2015); *see also See Smartt v. United States*, 267 F. Supp. 2d 1173, 1176-77 (M.D. Fla. 2003) (collecting cases and holding that the recusal statute "is not intended to bestow a veto power over judges, or to permit 'judge-shopping'").

The undersigned has a duty to preside over the cases to which she is randomly assigned. *See Carter v. West Publ'g Co.*, No. 99-11959-EE, 1999 WL 994997, at *2 (11th Cir. Nov. 1, 1999) ("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."). Because no objective, disinterested, and fully informed lay person would entertain any significant doubt about the undersigned's impartiality, the undersigned will not recuse herself from this case. *See United States v. Wolfson*, 558 F.2d 59, 62 (2d Cir. 1977) (holding that defendant's unfounded charges did not require disqualification because defendant's remarks established only the defendant's feelings towards the judge, and not the reverse).

Accordingly, and for the reasons states herein, it is **ORDERED** that Movants' Motion to

Recuse Magistrate Judge (Doc. 115) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 18th day of October, 2017.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge