UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.,

    Plaintiff,

v.                                                                                                         Case No.: 8:16-cv-2899-T-36AAS

DADE CITY'S WILD THINGS, INC.,
STEARNS ZOOLOGICAL RESCUE &
REHAB CENTER, INC. D/B/A DADE
CITY'S WILD THINGS, KATHRYN P.
STEARNS, AND RANDALL E. STEARNS,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion to Compel Hernando Primate's Compliance with Subpoena (Doc. 138). The Court directed that any response(s) in opposition to the instant motion be filed by November 8, 2017. (Doc. 139). To date, no response has been filed.

**I.    BACKGROUND**

Plaintiff, People for the Ethical Treatment of Animals ("PETA"), filed this action against Defendants Dade City's Wild Things, Inc. ("DCWT"), Stearns Zoological Rescue & Rehab Center, Inc., Kathryn Stearns, and Randall E. Stearns for alleged violations of the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531, et seq. (Doc. 37). Defendants asserted counterclaims against PETA for tortious interference, conversion, and fraud. (Doc. 38).

Plaintiff filed a Motion for Sanctions and Order to Show Cause Why They Should Not be Held in Contempt ("Contempt Motion") seeking contempt against Defendants for their failure to comply with the Court's July 12th and 14th Orders directing that Defendants allow Plaintiff on the

1

DCWT premises to conduct a site inspection, and that Defendants not transfer, transport, or relocate their tigers. (Docs. 63, 69). One of twenty-four tigers transferred from DCWT's facility in violation of this Court's July 12th and 14th Orders was a tiger cub named Shiva, who was previously used for public encounters at DCWT. Non-party Hernando Primate, Inc., took possession of Shiva.

On September 30, 2017, Plaintiff served Hernando Primate, via registered agent and principal Ann M. Kelly, with a Subpoena commanding Hernando Primate to permit Plaintiff to inspect Shiva at Hernando Primate's facility on October 17, 2017 and to produce ten categories of documents by October 16, 2017. (Doc. 138-1). Hernando Primate allowed Plaintiff to inspect Shiva but has not produced the requested documents. (*See* Doc. 138-3).

On October 30, 2017, Plaintiff filed the instant motion seeking information responsive to Request Nos. 3 and 4 of the Subpoena. Specifically, Plaintiff seeks the following:

> **Request No. 3** All internal documents or communications, including text messages, instant messages, social media posts, voicemail messages, cell phone call logs and e-mails in your custody, possession or control relating to any tiger(s) transferred from Dade City's Wild Things to Hernando Primate in July 2017.
>
> **Request No. 4** All communications, including text messages, instant messages, social media posts, e-mails, voicemail messages, cell phone call logs and other documents with Kathryn Stearns, Kenneth Stearns, Randall Stearns, and/or Dade City's Wild Things in your custody, possession or control.

(Doc. 138-1, pp. 9-10).

The Court scheduled an evidentiary hearing on the Contempt Motion for November 29, 2017, and, no later than November 17, 2017, the parties must provide the Court with a joint statement in preparation for that hearing. (Doc. 120). Plaintiff contends that this information is necessary to adequately prepare for the November 29th hearing. (Doc. 138).

## II. ANALYSIS

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. That rule provides, in relevant part, that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 45, Fed. R. Civ. P., governs discovery of non-parties by subpoena. Under Rule 45, parties may command a nonparty to produce documents, electronically stored information, or tangible things in that person's possession, custody, or control for inspection, copying, testing, or sampling. Fed. R. Civ. P. 45(a)(1)(A)(iii), (a)(1)(D).

Here, the categories of documents requested in Request Nos. 3 and 4 of the Subpoena are directly relevant to the circumstances surrounding Defendants' transfer of the tigers in violation of this Court's July 12th and 14th Orders (Docs. 63, 69). However, Request No. 4 is not limited in time and should be limited to July 2017, the relevant time period. With this time limitation, the Court finds these requests are proportional to the needs of this case and the burden in providing this information is not heavy.[1]

---

[1] Plaintiff's counsel offered the use of his firm's IT department to assist in extracting this information, if needed. (Doc. 138, p. 4).

### III. CONCLUSION

Accordingly, after due consideration, it is **ORDERED** that Plaintiff's Motion to Compel Hernando Primate's Compliance with Subpoena (Doc. 138) is **GRANTED**. No later than **November 15, 2017**, Hernando Primate shall provide documents responsive to Request Nos. 3 and 4 of the Subpoena for the limited time period of July 2017.

**DONE AND ORDERED** in Tampa, Florida on this 9th day of November, 2017.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge