UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.,

    Plaintiff,

v.                                                    Case No: 8:16-cv-2899-T-36AAS

DADE CITY'S WILD THINGS, INC.,
STEARNS ZOOLOGICAL RESCUE &
REHAB CENTER, INC., KATHRYN P.
STEARNS and RANDALL E. STEARNS,

    Defendants.
_____/

## ORDER

People for the Ethical Treatment of Animals, Inc. ("PETA") requests that the court impose sanctions on Defendants Dade City Wild Things, Inc., Stearns Zoological Rescue & Rehab Center, Inc., Kathryn P. Stearns, and Randall E. Stearns (collectively, "DCWT") for failure to timely comply with their discovery obligations. (Doc. 163). Specifically, PETA seeks sanctions in the form of a default judgment or striking DCWT's affirmative defenses. (*Id.*). DCWT responds that although untimely, they have since provided PETA with their outstanding discovery responses. (Doc. 172).

A court may award sanctions pursuant to its inherent authority. "Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions." *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) (citing *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545 (11th Cir. 1993)). Federal Rule of Civil Procedure 37 provides that a court shall award sanctions,

including expenses incurred as a result of filing a discovery motion, if the party's failure to comply with its discovery obligations is not substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C), (d)(3).

DCWT failed to comply with its discovery obligations, as well as the court's November 16th order directing compliance by December 8, 2017. (*See* Doc. 161). It was not until January 8, 2018, one month after the court imposed deadline, that DCWT delivered their discovery responses. (Doc. 172, p. 1). Although DCWT acknowledges that they are "without excuse" for the delay, they offer a busy docket and the holiday as mitigating circumstances. (*Id.* at pp. 2-4). These circumstances do not excuse the delay, especially considering that the original discovery deadline and even the court imposed deadline preceded the start of the holiday season. As the discovery responses have since been provided, nearly eight months prior to the discovery deadline, the requested severe sanctions of striking affirmative defenses or entering a default judgment are not appropriate. (*See* Doc. 166). Rather, the court awards PETA its reasonable expenses, including attorneys' fees, incurred as a result of filing this motion (Doc. 163) plus its subsequent notice (Doc. 165). *See* Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C), (d)(3).

Accordingly, and upon consideration, it is **ORDERED** that:

(1) PETA's Motion for Sanctions and Order to Show Cause Why Defendants Should Not Be Held in Contempt (Doc. 163) is **GRANTED in part**.

(2) DCWT shall bear the reasonable expenses, including attorneys' fees, incurred by PETA as a result of filing this motion (Doc. 163) and its notice (Doc. 165). *See* Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C), (d)(3). Within **seven days** of this order, the parties shall confer in a good-faith effort to stipulate to the reasonable expenses incurred in filing this motion. If the parties are

unable to stipulate to an amount, PETA may file a motion and supporting materials verifying the reasonable expenses incurred.

**ORDERED** in Tampa, Florida this 19th day of January, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge