UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.,

    Plaintiff,

v.                                            Case No.: 8:16-cv-2899-T-36AAS

DADE CITY'S WILD THINGS, INC.,
STEARNS ZOOLOGICAL RESCUE &
REHAB CENTER, INC., KATHRYN P.
STEARNS and RANDALL E. STEARNS,

    Defendants.
_____/

# ORDER

Consistent with the undersigned's January 19, 2018 order, People for the Ethical Treatment of Animals, Inc. ("PETA") seeks an award of attorneys' fees against Dade City Wild Things, Inc., Stearns Zoological Rescue & Rehab Center, Inc., Kathryn Stearns, and Randall Stearns (collectively, "DCWT") due to discovery violations. (Docs. 177, 192). PETA specifically requests the amount of $7,297.50 as its reasonable expenses incurred due to a discovery dispute that resulted in PETA filing a motion for sanctions (Doc. 163) and subsequent court-ordered notice (Doc. 165). (Doc. 192).

## I. BACKGROUND

On January 19, 2018, the undersigned awarded PETA its reasonable attorney's fees incurred as a result of DCWT's failure to comply with a's November 16, 2017 Order (Doc. 161), which required DCWT to provide responses to PETA's July 2017 requests for production. (Doc. 177). The January 19th order required the parties to "confer in a good-faith effort to stipulate to

1

the reasonable expenses [PETA] incurred." (*Id.* at p. 2). The parties did not stipulate to a reasonable amount. Thus, PETA seeks reimbursement for the attorney's fees it incurred by filing a motion for sanctions for failure to comply with the court's order directing responses to PETA's requests for production (Doc. 163), and a notice of non-opposition to that motion (Doc. 165). (*See* Doc. 192, Ex. 2, p. 4).

## II. ANALYSIS

PETA seeks an award for 21.35 hours of attorney's fees for three attorneys at rates ranging from $270.00 to $475.00 per hour. (Doc. 192). In response, DCWT contends that PETA's fee request should be reduced by $2,185.00, for a total award of $5,112.50. (Doc. 233).

PETA's claim for attorney's fees is broken down by attorney as follows:

| **Attorney** | **Hours** | **Rate per Hour** | **Total** |
|---|---|---|---|
| Marcos Hasbun | 5.6 | $475 | $2,660.00 |
| Justin Cochran | 7.0 | $375 | $2,275.00 |
| Jenni James | 8.75 | $270 | $2,362.50 |
| **Total** | **21.35** |  | **$7,297.50** |

The initial burden of proof that the fee award is reasonable falls on PETA, who must submit evidence regarding the number of hours expended and the hourly rate claimed. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988). The starting point for setting an attorney's fee is to determine the "lodestar" figure: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley,* 461 U.S. at 433; *Norman,* 836 F.2d at 1299. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985).

It is presumed that most or all of the following factors are subsumed in the calculation of the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman,* 836 F.2d 1292 (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974)).

The reasonableness of the rate charged is determined by its congruity with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 n. 11 (1984). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama,* 911 F.2d 604, 610 (11th Cir. 1990).

A fee applicant may meet the burden to show the reasonable rate by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299. The court may also use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303.

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999). When reducing fees, courts may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.,* 548

3

F.3d 1348, 1350 (11th Cir. 2008). Although courts may apply either method, they cannot apply both. *See id.* Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice,* 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

The undersigned will address the reasonableness of PETA's proposed hourly rates prior to addressing the time entries.

### A. Reasonable hourly rate

The court may decide a reasonable rate based on its own expertise and judgment. *Norman,* 836 F.2d at 1303-04. The court looks to the skills, experience, and reputation of the attorneys to ascertain what comparable lawyers charge for similar services in this locality. "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Barnes,* 168 F.3d at 437; *Cullens v. Georgia Dep't of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994). Therefore, the relevant legal market is Tampa, Florida.

DCWT does not oppose PETA's proposed billing rates. (Doc. 233, p. 2). The undersigned agrees that the hourly rates billed by each of the attorneys are reasonable. *See MWR Holdings, LLC v. Academy of Tampa, Inc.*, No. 8:14-cv-1325-T-30MAP, 2014 WL 5590998, at *1 (M.D. Fla. Nov. 3, 2014) (hourly rates between $400.00 and $475.00 were reasonable given the respective attorneys' experience and the market rate in Tampa, Florida); *Dynamic Designs Distrib., Inc. v. Nalin Mfg., LLC*, No. 8:13-cv-707-T-33TBM, 2014 WL 11279821, at *2 (M.D. Fla. June 16, 2014) (hourly rates between $195.00 and $330.00 were reasonable).

4

**B.      Reasonable hours and time entries**

PETA seeks recovery for 21.35 hours of work from three attorneys collectively for preparation of a seven-page motion for sanctions for failure to respond to PETA's requests for production (Doc. 163), and a corresponding two-paragraph notice of non-opposition (Doc. 165). (*See* Doc. 192, Ex. 2, p. 4).

Here, Ms. James, billing at the lowest rate, took the lead in researching and drafting the relatively uncomplicated motion, and expended 8.75 hours of time on this task. (*Id.*). Thereafter, Mr. Cochran expended 7 hours conducting additional research and revising the motion. (*Id.*). Finally, Mr. Hasbun billed another 5.6 hours, for a total of $2,660.00, further finalizing the already twice researched and thoroughly revised motion and preparing the corresponding two-paragraph notice of non-opposition. (*Id.*).

There is nothing inherently unreasonable about a client relying on more than one lawyer or having an attorney review and revise his or her colleague's work; however, a fee applicant bears the burden of establishing that billed time reflects distinct contributions by each lawyer. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). While the undersigned finds that Ms. James and Mr. Cochran's time entries are generally reasonable, they are both sufficiently experienced to manage this work without significant oversight and review by an attorney billing at a much higher rate. Consequently, when viewing the three attorneys' entries collectively, Mr. Hasbun's additional efforts in finalizing the already researched and revised work of Ms. James and Mr. Cochran are too duplicative and unreasonable for the court to require that DCWT reimburse PETA for those additional expenditures.[1]

---

[1] The court agrees with DCWT that the block-billed time entries make a meaningful entry by entry review difficult. In addition, PETA is cautioned that, had the court undertaken an entry

DCWT requests that Mr. Hasbun's hours be reduced to one hour to reflect a more limited oversight role, which would reduce his total fee from $2,660.00 to $475.00. The undersigned agrees that this reduction is appropriate and, thus, orders an award of $5,112.50.

## III. CONCLUSION

Accordingly, after due consideration, it is **ORDERED** that PETA's Motion for Reasonable Fees Incurred (Doc. 192) is **GRANTED IN PART AND DENIED IN PART**. PETA is awarded **$5,112.50** for attorneys' fees incurred as a result of the discovery dispute that necessitated PETA's motion for sanctions (Doc. 163) and subsequent notice (Doc. 165).

**ORDERED** in Tampa, Florida on this 3rd day of April, 2018.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

by entry review, PETA would not have been entitled to compensation at an experienced attorney's rate for tasks that are more reasonably performed by a paralegal, such as drafting a notice of non-opposition or cite-checking a motion.