UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.,

    Plaintiff,

v.                                         Case No: 8:16-cv-2899-T-36AAS

DADE CITY'S WILD THINGS, INC.,
STEARNS ZOOLOGICAL RESCUE &
REHAB CENTER, INC., KATHRYN P.
STEARNS and RANDALL E. STEARNS,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court upon Defendants'[1] Motion for Judgment on the Pleadings (Doc. 217) and Plaintiff People for the Ethical Treatment of Animals, Inc.'s ("PETA") Response in Opposition (Doc. 241); PETA's Motion for Leave to File Second Amended Complaint (Doc. 238) and Defendants' Response in Opposition (Doc. 246); and Magistrate Judge Sansone's Report and Recommendation (Doc. 230) concerning PETA's Motion for Sanctions and Order to Show Cause Why Defendants Should Not Be Held in Contempt (Doc. 76) and PETA's Motion for Order to Show Cause Why Non-Party Kenneth Stearns Should Not Be Held in Contempt (Doc. 97). For the reasons discussed below, the Court will grant PETA's Motion for Leave to File Second Amended Complaint. Therefore, Defendants' Motion for Judgment on the

---

[1] Throughout this Order, the two corporate entities, Dade City's Wild Things, Inc. and Stearns Zoological Rescue & Rehab Center, Inc., will be referred to collectively as "DCWT." DCWT, Kathryn Stearns, and Randall Stearns will be referred to collectively as the "Defendants." Otherwise, Kathryn Stearns, Randall Stearns, and Kenneth Stearns will be referred to individually by name, and collectively as "the Stearns." Kenneth Stearns, who is not a defendant in the instant lawsuit, is the husband of Kathryn Stearns and the father of Randall Stearns.

Pleadings will be denied as moot. Given the changed procedural posture of this case, the Court will also remand the Report and Recommendation to the Magistrate Judge for further consideration.

## I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY[2]

PETA, an animal rights group, sued Defendants for alleged violations of the Endangered Species Act, 16 U.S.C. § 1531, *et seq.* (the "ESA") in connection with the operation of DCWT, a family-run zoo in Dade City, Florida. Doc. 37. PETA alleges that Defendants "take" tigers in violation of the ESA by prematurely separating tiger cubs from their mothers, forcing the cubs to swim with the public for profit, and inadequately housing and caring for the tigers. *Id.* DCWT filed counterclaims against PETA for tortious interference, conversion, and fraud, in relation to a PETA "investigator" who allegedly obtained employment with DCWT to generate and disseminate internal information in preparation for the filing of this action. Doc. 38.

As part of its discovery requests, PETA sought to observe the tiger cubs in their environments at DCWT. Doc. 56-1. In June 2017, PETA served Defendants' then-counsel with a request to conduct a site inspection at DCWT and later filed a motion to compel entry upon land to conduct a site inspection of DCWT. Doc. 56. Thus began a series of events: the Magistrate Judge ordered that a site inspection occur at DCWT on July 20, 2017, the Stearns made plans to remove their tigers from DCWT, PETA filed (and the Magistrate Judge granted) an emergency motion to prohibit DCWT from moving its tigers, the Stearns relocated all of their tigers in

---

[2] The Background and Procedural History of this case is extensive, and was recently summarized in more detail in the Court's Order Deferring Ruling on PETA's Motion for Sanctions and Order to Show Cause Why Defendants Should Not Be Held in Contempt and PETA's Motion for Order to Show Cause Why Non-Party Kenneth Stearns Should Not Be Held in Contempt. Doc. 249. For purposes of this Order, the Court summarizes only those facts pertinent to the Motion for Judgment on the Pleadings and Motion for Leave to File Second Amended Complaint.

violation of the Magistrate Judge's orders, and the Stearns denied PETA access to DCWT on July 20, 2017 to conduct the scheduled site inspection. Doc. 230.

Following these events, PETA filed a Motion for Sanctions and Order to Show Cause Why Defendants Should Not Be Held in Contempt (Doc. 76). PETA requested the Court enter a default judgement against Defendants, dismiss Defendants' counterclaims against PETA with prejudice, award PETA its reasonable expenses, including attorneys' fees and costs, enter an order to show cause against Defendants for why they should not be held in contempt, and order the tigers transported to a sanctuary. Doc. 76. Subsequently, on September 6, 2017, PETA filed a Motion for an Order for Non-Party Kenneth Stearns to Show Cause Why He Should Not Be Held in Contempt (Doc. 97) for aiding and abetting Defendants' violation of the Magistrate Judge's discovery orders. Doc. 97. In addition, that motion requested an order requiring Kenneth Stearns to pay PETA's reasonable expenses, including attorneys' fees and costs. Doc. 97. Both motions (collectively, the "Motions for Sanctions") were scheduled to be considered at a two-day evidentiary hearing on February 21, 2018 and February 22, 2018.

On February 19, 2018, Defendants, who had recently obtained new counsel, filed a motion to continue the scheduled evidentiary hearing. Doc. 207. Defendants asserted that counsel did not have adequate time to prepare for the hearing or confer with Defendants. *Id.* Defendants also requested the hearing be continued so that they could prepare to brief the Court on a new Eleventh Circuit opinion issued on January 12, 2018 that would, allegedly, affect PETA's claims and render its case meritless. *Id.* Defendants alleged that a briefing of the new opinion, *PETA, Inc. v. Miami Seaquarium,* 879 F.3d 1142 (11th Cir. 2018), would enable the Court "to make an informed decision as to the scope of sanctions." *Id.* The Magistrate Judge denied Defendants' request to continue the evidentiary hearing, citing prior warnings that Defendants' third change of counsel

3

would not result in an extension of any deadlines. Doc. 214. Defendants then filed a Motion for Judgment on the Pleadings (Doc. 217), alleging that PETA's amended complaint[3] does not state a claim for relief because it does not sufficiently allege a "threat of serious harm" as required by *Miami Seaquarium*. Doc. 217. PETA requested an extension of time to respond to Defendants' Motion for Judgment on the Pleadings, and Defendants opposed the request. Docs. 221, 223. The Magistrate Judge granted PETA's request for an extension, allowing PETA until March 20, 2018 to respond to Defendants' Motion for Judgment on the Pleadings. Doc. 227.

The evidentiary hearing proceeded as scheduled, and the Magistrate Judge heard testimony from witnesses and received evidence related to the alleged discovery violations. Docs. 219-220. On March 2, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R"), setting forth findings based on the evidence entered in the record at the evidentiary hearing and making a recommendation to the Court. Doc. 230. The Magistrate Judge determined that immediately after receiving PETA's request for a site inspection, the Stearns "began a calculated and deliberately deceptive process of disposing of their twenty-four tigers designed to frustrate the site inspection and eliminate evidence." *Id.* The Magistrate Judge concluded that the Stearns had lied to their contacts, veterinarians, attorney, and the Court, and determined that the breadth of their "deceit is confounding." *Id.* The Magistrate Judge further determined that the Stearns' actions resulted in significant prejudice to PETA and the Court, and that removing the tigers was spoliation of evidence that was done willfully and in bad faith. *Id.* The Magistrate Judge analyzed potential sanctions under Rule 37 of the Federal Rules of Civil Procedure and under the Court's inherent authority to sanction litigation misconduct. *Id.* Ultimately, the Magistrate Judge recommended

---

[3] PETA's amended complaint, filed April 19, 2017, is currently the operative complaint in this action. Doc. 37.

entry of a default judgment against Defendants, as well as dismissal of their counterclaims and an award to PETA of its reasonable attorneys' fees and expenses incurred as a result of Defendants' failure to comply with the Magistrate Judge's discovery orders. *Id.* The Magistrate Judge declined to recommend sanctions for non-party Kenneth Stearns, determining that he would be affected by the imposition of the recommended sanctions on Defendants given that DCWT is a family business. *Id.* Defendants timely filed Objections to the R&R on March 16, 2018.

On March 19, 2018, PETA contemporaneously filed a Response in Opposition to Defendants' Motion for Judgment on the Pleadings (Doc. 238) and a Motion for Leave to File Second Amended Complaint ("Motion to Amend") (Doc. 241). In its Response in Opposition to Defendants' Motion for Judgment on the Pleadings, PETA acknowledges *Miami Seaquarium* but argues that PETA's operative complaint states a claim for relief because it adequately alleges ESA takes under the "threat of serious harm" standard articulated by the Eleventh Circuit. Doc. 241. Meanwhile, PETA's Motion to Amend states it "seeks [amendment] to incorporate evidence obtained during discovery [including the July transportation of tigers and consequent death of three tiger cubs] and to address recently articulated changes in the legal standard." Doc. 238. PETA alleges amendment will "harmonize the existing allegations in PETA's [operative complaint] to conform with the Eleventh Circuit's recently articulated 'threat of serious harm' standard [as provided in *Miami Seaquarium*]." *Id.*

Defendants oppose PETA's Motion to Amend. Doc. 246. Defendants argue PETA does not show good cause to amend because PETA was not diligent and displays an undue and dilatory motive in seeking amendment. *Id.* Defendants further argue PETA's proposed amendment would be futile and would unduly prejudice Defendants and the Court. *Id.*

On March 30, 2018, this Court considered the R&R and Defendants' Objections and entered an Order Deferring Ruling on PETA's Motions for Sanctions given Defendants' pending challenge to PETA's operative complaint and PETA's new request to amend. Doc. 249. The Court expressed concern about the procedural appropriateness of entering a sanction of default judgment against Defendants on PETA's operative complaint while Defendants' Motion for Judgment on the Pleadings and PETA's Motion to Amend were pending. *Id.* The Court will now address the Motion for Judgment on the Pleadings and the Motion to Amend.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion of the [d]istrict [c]ourt". *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court may deny a motion to amend on numerous grounds, including undue delay, undue prejudice to the defendant(s), and futility of the amendment. *Maynard v. Bd. of Regents of the Div. of Univs. of the Florida Dep't. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003). Although the Court has discretion to deny pleading amendments under Federal Rule of Civil Procedure 15(a), there is a strong preference in the Eleventh Circuit for allowing them. *See Burger King Corp. v. Weaver,* 169 F.3d 1310, 1319 (11th Cir. 1999).

District courts must issue scheduling orders limiting the time to join parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(3). Accordingly, while leave to amend a pleading is "freely given" under Rule 15(a), a court must also consider the requirements of Federal Rule of Civil Procedure 16(b)(4), which provides that a Case Management and Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418-19 (11th Cir. 1998). Thus, a

movant seeking leave to amend after the deadline must show good cause by demonstrating that despite their diligence, the deadline could not be met. *Sosa,* 133 F.3d at 1419 ("[To Consider] Rule 15(a) without regard to Rule 16(b) . . . would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").[4]

### III. DISCUSSION

PETA provides two bases for its Motion to Amend: new law and new evidence. Doc. 238. PETA alleges that in both instances it did not have grounds for amendment until well after the April 21, 2017 deadline to amend pleadings.[5] *Id.* Indeed, PETA could not have discovered the legal standard which it intends to incorporate until January 12, 2018, the date the Eleventh Circuit issued its opinion in *Miami Seaquarium. Id.* Likewise, the events on which the new evidence is based—the transfer of tiger cubs and deaths of three newborn cubs—did not occur until July 2017. Thus, regardless of PETA's diligence (or, as Defendants argue, its lack thereof), the fact remains that both triggering events—the July 2017 tiger transfer and the January 2018 case law—occurred well after the April 21, 2017 deadline to amend. Because it was not possible for PETA to meet the April 21, 2017 deadline to amend, the Court concludes PETA has demonstrated good cause under Rule 16(b).

---

[4] The Eleventh Circuit has declined to apply the excusable neglect standard under Federal Rule of Civil Procedure 6(b)(1)(B) to motions to amend pleadings after the deadline. *Sosa,* 133 F.3d at 1418, n. 2 ("[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."). *See also Destra v. Demings,* ___ Fed. Appx. ___, 2018 WL 1036997 (11th Cir. Feb. 23, 2018) (explaining Eleventh Circuit precedent on this issue).

[5] The Court subsequently amended certain of the deadlines in the Scheduling Order per the parties' requests. *See* Docs. 34-35, 164, 166. The following deadlines were altered, in part, as follows: discovery is due by September 7, 2018, dispositive motions are due by October 5, 2018, and all other motions are due by January 29, 2019. However, the parties did not request, and the Court did not alter, the deadline to amend pleadings.

That leaves the Court to determine whether leave to amend should be freely given under Rule 15(a)(2). Defendants argue PETA exhibited undue delay and dilatory motive by waiting until March 2018 to file its Motion to Amend because it knew about the tiger transfer in July 2017 (more than seven months earlier) and knew about the *Miami Seaquarium* opinion on January 12, 2018 (approximately two months earlier). Doc. 246. Defendants state PETA's delay is further evidenced by PETA waiting to correct the "defect" in its operative complaint until after Defendants filed their Motion for Judgment on the Pleadings. *Id.* Defendants also suggest the timing of PETA's Motion to Amend is improper because it is filed to avoid an outcome in Defendants' favor. *Id.*

The Court is not convinced that PETA acted with undue delay or with dilatory motive. Again, PETA could not have known about the content of the *Miami Seaquarium* opinion until January 12, 2018. More importantly, however, PETA may not have had reason to consider amendment until Defendants filed their Motion for Judgment on the Pleadings on February 20, 2018. *See Williams v. Gate Gourmet, Inc.,* No. 1:09-CV-1557-MHS, 2011 WL 13177542, at *3 (N.D. Ga. Jan. 24, 2011) (determining defendant was not derelict and could properly amend its defenses where defendant believed it had sufficiently pleaded its defenses but requested amendment nonetheless in the event the court granted plaintiff's motion for judgment on the pleadings). Moreover, given that PETA intends to incorporate new allegations against Defendants and incorporate a new legal standard, it cannot be said that PETA's Motion to Amend was filed solely to avoid an unfavorable outcome pending Defendants' Motion for Judgment on the Pleadings.

The Court also is not persuaded that PETA acted with undue delay or dilatory motive with respect to adding new allegations against Defendants. Although PETA may have had some knowledge of the tiger transfer as early as July 2017, PETA alleges it did not complete its

8

investigation of these events until February 2018, a month before filing its Motion to Amend. Doc. 238. The Court finds PETA's representation to be credible. PETA conducted significant additional discovery for the purpose of investigating these events, including depositions of the Stearns, the veterinarians who cared for the tigers, and the people associated with the facilities that were in contact with the Stearns about receiving tigers. *See* Doc. 230. Defendants argue that the volume of PETA's discovery has no bearing on PETA's timeliness; yet, the volume (and, in turn, the length of time needed to conduct the investigation) may very well have been made all the more necessary by the Stearns' actions regarding the tiger transfer. *See id.* Moreover, the evidentiary hearing during which much of this new discovery was presented was not held until late February 2018. Docs. 219-220.

Defendants next argue that any amendment by PETA would be futile because PETA ignores contrary evidence that Defendants did not transport the tigers. Doc. 246. Defendants' assertions contradict the Magistrate Judge's specific findings that Defendants were at least partially responsible for the tiger transport. *See* Doc. 230. Moreover, the fact that additional evidence may be available does not preclude PETA from asserting its good faith allegations.[6] Further, the Court rejects out of hand Defendants' additional argument that amendment would be futile because none of PETA's proposed allegations would meet the "serious harm" standard articulated in *Miami Seaquarium*. Doc. 246. Defendants' argument conveniently dances around PETA's proposed allegation that three tiger cubs died during the tiger transfer by suggesting that the same is irrelevant to these proceedings. Doc. 246. Such an allegation is not only relevant but would also certainly invoke the "serious harm" standard.

---

[6] In this case, PETA's good faith allegations are supported by the Magistrate Judge's findings. Doc. 230.

Lastly, Defendants argue PETA's proposed amendment would "unduly prejudice the Court and [Defendants]" because it would potentially create a need for additional pleadings, discovery, and dispositive motions. *Id.* However, the majority of those deadlines in the Court's Scheduling Order are still months away. *See supra.* Accordingly, the Court finds the parties have sufficient time to address any new issues raised by a second amended complaint. Further, although additional modification of the Scheduling Order is not favored, the parties are not precluded from requesting necessary extensions created by a change in procedural posture. Thus, PETA's amendment will not result in prejudice to any party.

## IV. CONCLUSION

Because the Court will grant PETA's Motion for Leave to File its Second Amended Complaint, Defendants' Motion for Judgment on the Pleadings will be denied as moot. Given the changed procedural posture of this case, the Court will also remand the Report and Recommendation to the Magistrate Judge for further consideration of appropriate sanctions as requested by PETA's Motions for Sanctions.

**Accordingly, it is ORDERED**:

1. PETA's Motion for Leave to File Second Amended Complaint (Doc. 238) is **GRANTED.** PETA shall file its Second Amended Complaint on or before June 20, 2018.

2. Defendants' Motion for Judgment on the Pleadings (Doc. 217) is **DENIED AS MOOT.**

3. The Report and Recommendation (Doc. 230) is **REMANDED** to the Magistrate Judge for further consideration, upon the filing of the Second Amended Complaint.

**DONE AND ORDERED** in Tampa, Florida on June 6, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any