UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.,

    Plaintiff,
v().                                          Case No.: 8:16-cv-2899-T-33AAS

DADE CITY'S WILD THINGS, INC., et al.,

    Defendant.
_____/

## ORDER

People for the Ethical Treatment of Animals, Inc. (PETA) moves to strike the amended counterclaims and demand for jury trial filed by Stearns Zoological Rescue & Rehab Center, Inc. d/b/a Dade City's Wild Things and Kathryn Stearns (collectively, DCWT). (Docs. 274, 280). DCWT opposes the motion. (Doc. 275).

An amended complaint supersedes the original complaint. *Cheney v. IPD Analytics*, L.L.C., No. 08-23188-CIV, 2009 WL 10667052, at *1 (S.D. Fla. July 12, 2009) (citing *Fritz v. Standard Security Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982)). A defendant may "plead anew in response to an amended, as if it were the initial complaint, when the 'amended complaint ... changes the theory or scope of the case.'" *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (quoting *Brown v. E.F. Hutton & Co., Inc.*, 610 F. Supp. 76 (S.D. Fla. 1985)). "It simply would be unfair to allow the plaintiff to change the scope of the case without granting the defendant an opportunity to respond anew." *Krinsk*, 654 F.3d at 1202.

1

Therefore, an "amended complaint that changes the scope or theory of a complaint gives rise to a corresponding right of a defendant, under Rule 15, to amend the answer or its counterclaims," without leave of court. *Cheney*, 2009 WL 10667052, at *1-2 (quoting *Brown*, 610 F. Supp. at 78); *see also Estate of Faull by Jacobus v. McAfee*, 727 F. App'x 548, 552 (11th Cir. 2018).

Here, although PETA's additional allegations do not change PETA's theory of the case, the new allegations broaden the scope of the action by including allegations related to the July 2017 tiger transfer. (*See* Doc. 256). Though the amendments are not vast changes to the scope of the case, the amendments also are not minor, non-substantive changes. Thus, it was proper for DCWT to respond anew and its counterclaims will not be stricken. In addition, because the second amended complaint is now the operative complaint, DCWT's the demand for jury trial is timely.

It is **ORDERED** that PETA's Motion to Strike DCWT's Amended Counterclaims and Demand for Jury Trial (Doc. 274) is **DENIED**.

**ORDERED** in Tampa, Florida on July 30, 2019.

AMANDA ARNOLD SANSONE
United States Magistrate Judge