UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.,

    Plaintiff,
v.                                                    Case No.: 8:16-cv-2899-T-33AAS

DADE CITY'S WILD THINGS, INC.,
et al.,

    Defendant.
_____/

## ORDER

People for the Ethical Treatment of Animals, Inc. (PETA) moves for an order transferring two tigers—Luna and Remington—from the Endangered Animal Rescue Sanctuary, Inc. (EARS) to the Turpentine Creek Wildlife Refuge (Turpentine Creek). (Doc. 292). Neither EARS nor Turpentine Creek oppose the motion, but Stearns Zoological Rescue & Rehab Center, Inc. d/b/a Dade City's Wild Things, Kathryn P. Stearns, and Randall E. Stearns (collectively, DCWT) oppose the motion. (Doc. 295).

I.     BACKGROUND

In July 2017, DCWT and nonparty Kenneth Stearns transferred twenty-four of their tigers to other wildlife facilities to lower their tiger inventory prior to a court-ordered site inspection. (*See* Doc. 282). DCWT and Mr. Stearns transferred four of those tigers—Luna, Remington, Rory, and Rajah— to EARS, a facility managed by Gail Bowen in Citra, Florida. DCWT and Mr. Stearns transferred nineteen tigers to

1

Greater Wynnewood Exotic Animal Park (Wynnewood) in Oklahoma.

In November 2017, PETA and Wynnewood jointly moved for an order permitting the transfer of the twenty tigers at Wynnewood to The Wild Animal Sanctuary. (Doc. 148). DCWT informed the court that DCWT and Mr. Stearns did not object to the transfer of the nineteen tigers. (Doc. 150). DCWT indicated that they and Mr. Stearns "no longer had a legal interest in these tigers" and no legal grounds to object to the transfer. (*Id.*). The court ordered the transfer of those twenty tigers from Wynnewood to The Wild Animal Sanctuary. (Doc. 149).

In February 2018, PETA moved for an order authorizing the transfer of Luna, Remington, Rory, and Rajah from EARS to Turpentine Creek. (Doc. 195). The court denied the motion without prejudice because of the case's then-procedural posture, which included DCWT's pending motion to dismiss and PETA's pending motion for sanctions in the form of default judgment. (Doc. 267). The court later denied DCWT's motion to dismiss and the undersigned issued an amended report and recommendation on PETA's motion for sanctions. (Docs. 272, 282). The objections to the amended report and recommendation are pending consideration. (Doc. 286).

On October 8, 2019, PETA learned from a former EARS employee that earlier this year Ms. Bowen shot and killed Rory and Rajah after they escaped from their enclosures at EARS.[1] (See Doc 292, Ex. 1). On October 9, 2019, a lioness also

---

[1] In Florida, exhibitors must immediately inform state authorities when a big cat escapes. Fla. Admin. Code § 68A-6.018(4). It appears EARS did not comply with this administrative code when Rory and Rajah escaped from their enclosures.

breached her enclosure at EARS. (See Doc 292, Ex. 3). Fortunately, the state authorities were on site for an inspection and tranquilized the lioness and return her to her enclosure before she could escape. (*Id.*).

PETA now renews its motion for an order authorizing the donation and transfer of Luna and Remington from EARS to Turpentine Creek. (Doc. 292). DCWT opposes the motion. (Doc. 295). EARS consents to the donation and transfer. (Doc. 292, Ex. 6, 90:18-20; Doc. 195-1).

II. ANALYSIS

PETA asserts that the donation and transfer of Luna and Remington is necessary to ensuring the continued safety of the tigers and the public. (Doc. 292). PETA claims DCWT relinquished any right to Luna and Remington when it donated them to EARS as part of its plan to violate this court's orders and deprive PETA the ability to inspect the tigers as they existed at DCWT. (*Id.*).

In response, DCWT argues the escape of Rory and Rajah is inconsequential to PETA's motion to transfer because it occurred nearly a year ago and was caused by unusual circumstances. (Doc. 295). DCWT contends Luna and Remington are at EARS on bailment, not as a donation. (*Id.*). Thus, DCWT contends, the donation and transfer of Luna and Remington is unlawful and a violation of Kenneth Stearns' due process rights. (*Id.*).

Contrary to DCWT's argument, the official paperwork marked the exchange of Luna and Remington as a "Donation" and not an "Exchange or Transfer." (Doc. 292,

Ex. 5). The paperwork also lists Kenneth Stearns as the "Seller or Donor" and EARS as the "Buyer or Receiver." (*Id.*).

"Under Florida law, bailment is defined as the delivery of personalty for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it..." *Affiliated FM Ins. Co. v. Dependable Warehousing & Distribution, Inc.*, 303 F. Supp. 3d 1329, 1331 (S.D. Fla. 2018) (citation omitted). DCWT transferred twenty-four tigers, including Luna and Remington, for the unlawful purpose of lowering its tiger inventory to limit what PETA would see at a court-ordered site inspection. (Doc. 292, Ex. 6, 49:20-50:24, 85:1-87:7) (Bowen testified both Kathy Stearns and Kenneth Stearns admitted they transferred the tigers to EARS to avoid the court-ordered site inspection). DCWT donated nineteen of those tigers to Wynnewood in Oklahoma. A few months later, Wynnewood transferred those tigers to The Wild Animal Sanctuary with no objection by DCWT or Mr. Stearns. (Doc. 150)

DCWT has not compensated EARS or otherwise helped with any expenses for EARS having Luna and Remington for the past two and a half years. Although Bowen testified that she had boarded other peoples' tigers in the past, she stated she was not boarding DCWT's tigers. (Doc. 292, Ex. 6, 90:3-114). Instead, Bowen testified that she considered the tigers to be hers (*Id.* at 61:13-16, 83:14-17, 90:15-17) but would return the tigers if DCWT asked. (*Id.* at 83:14-17, 141:2-4, 14-24). The testimony does not support what a bailment would require—that the delivery of Luna

and Remington to EARS was for a particular purpose and, after the purpose has been fulfilled, EARS would return the tigers to DCWT.  DCWT and Mr. Stearns donated Luna and Remington to EARS for an indefinite period, and no evidence supports that the intended purpose was a bailment.

Because DCWT and Mr. Stearns donated Luna and Remington to EARS and they remain subject to this action, the court authorizes their transfer from EARS to Turpentine Creek to secure the safety of the tigers and the public.

## III. CONCLUSION

PETA's motion for an order permitting donation and transfer of Luna and Remington from EARS to Turpentine Creek (Doc. 292) is **GRANTED**.  The donation and transfer should occur without delay.

**ORDERED** in Tampa, Florida on November 1, 2019.

AMANDA ARNOLD SANSONE
United States Magistrate Judge