**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.,

    **Plaintiff,**
v.                                                          Case No.: 8:16-cv-2899-T-36AAS

DADE CITY'S WILD THINGS, INC.,
et al.,

    **Defendants.**
_____/

## ORDER

Stearns Zoological Rescue & Rehab Center, Inc. d/b/a Dade City's Wild Things, Kathryn P. Stearns, and Randall E. Stearns (collectively, DCWT) move to abate the court's determination of attorney's fees or, in the alternative, for an extension of time to respond to People for the Ethical Treatment of Animal's (PETA) motion for attorney's fees. (Doc. 315). PETA opposes the motion to abate the court's determination of attorney's fees but consents to an extension of time to respond to its motion for attorney's fees. (Doc. 316).

The filing of a notice of appeal generally divests a district court of jurisdiction on any matters involved in the appeal. *Shivers v. Hill*, 205 Fed. Appx. 788, 789 (11th Cir. 2006). But the court has discretion to entertain motions for attorney's fees and costs, defer ruling, or deny the motions without prejudice to refile after the appeal. See Fed. R. Civ. P. 54(d)(2) advisory committee's note ("If an appeal on the merits of

1

the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.").

Here, the fee award is part of the imposed sanction. (Doc. 304, pp. 6-10). Thus, the court must determine the fee amount for the judgment to become final and appealable. *See Jaffe v. Sundowner Props., Inc.*, 808 F.2d 1425, 1426–27 (11th Cir.1987) (holding that "[b]ecause the amount of attorney's fees has not yet been fixed, the [sanctions] order appealed from is not a final judgment"); *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 n. 1 (11th Cir. 2000) (same).

Although the court has the discretion to award PETA its attorney's fees and costs as a prevailing party under the Endangered Species Act, 16 U.S.C. § 1540(g)(4), PETA "has no desire to further prolong this litigation, and affirmatively represents to the Court that it will not seek additional fees and costs as a prevailing party under 16 U.S.C. § 1540(g)(4)." (Doc. 316, p. 3). Because the court must adjudicate the fee award (which is part of the court's imposed sanctions) prior to appeal and PETA is not seeking additional fees and costs under 16 U.S.C. § 1540(g)(4), there is no basis to delay a determination of the fee award. However, the court will allow DCWT an extension of time to respond to PETA's motion for attorney's fees.

Accordingly, DCWT's motion to abate the court's determination of attorney's fees or, in the alternative, for an extension of time to respond to PETA's motion for attorney's fees (Doc. 315) is **GRANTED-IN-PART AND DENIED-IN-PART**.

DCWT's request for abatement of determining the fee amount is denied. DCWT's request for an extension to respond to PETA's motion for attorney's fees (Doc. 314) is granted. DCWT's response is due by **April 24, 2020**.[1]

**ORDERED** in Tampa, Florida on March 23, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] DCWT's motion requests an extension until April 6, 2020 and cites the school closures and other coronavirus-related unknowns as the basis for the closure. At the time of filing, schools were anticipated to reopen on March 30, 2020. Now, the earliest schools will reopen is April 15, 2020. Consequently, a longer extension is warranted.