PEOPLE FOR THE ETHICAL TREATMENT OF
ANIMALS, INC.,

    Plaintiff,

v.

DADE CITY'S WILD THINGS, INC., ET AL.,

    Defendants.

Case No.: 8:16-cv-2899-T-36-AAS

## EMERGENCY ORDER – ESSENTIAL TRAVEL AND TRANSPORT OF ENDANGERED & PROTECTED TIGERS

This matter came before the Court for an emergency telephonic hearing on March 27, 2020 upon Defendants' Emergency Motion to Vacate March 9, 2020 Transfer Order and Allow Other Transfer of Tigers (Doc. 319) and Plaintiff's Expedited Motion to Extend Time to Transfer Tigers to the Wild Animal Sanctuary and Request for an Emergency Telephonic Hearing (Doc. 320). Upon consideration of the motions and argument of counsel, it is hereby ORDERED that:

1.     The **TIMELY AND UNINTERRUPTED EMERGENCY TRANSFER AND TRANSPORT** of the six tigers, an endangered species, currently in Defendants' custody ("the Tigers") to The Wild Animal Sanctuary ("TWAS") in Keenesburg, Colorado, is **AN ESSENTIAL AND NECESSARY GOVERNMENT FUNCTION AND CONSTITUTES ESSENTIAL TRAVEL** that must be completed **WITHOUT DELAY** notwithstanding any federal, state, or local "stay at home" order or similar order or decree restricting movement including, but not limited to, those related to the COVID-19 global pandemic, that are currently in effect, or which may become effective. TWAS must not be delayed in safely transporting the Tigers to its facility in Keenesburg, Colorado, as the safety and well-being of the Tigers is at

issue. The Parties and all persons provided a copy of this Order shall fully cooperate to effect the transfer of the six Tigers consistent with the terms contained herein.

2.     Defendants shall comply with reasonable requests by PETA and TWAS for information about the Tigers deemed medically necessary by a veterinarian to determine the Tigers' fitness for transportation to TWAS.

3.     No more than fourteen calendar days before the Tigers are to be transferred, Defendants shall allow access by veterinarian(s) selected by Plaintiff to conduct visual inspections of the Tigers and execute the Certificate of Veterinary Inspection ("CVI") required for their transport to TWAS. Plaintiff will pay all costs associated with the CVI and veterinarian.

4.     Defendants shall not administer any sedation drug to the Tigers within ten calendar days before the transfer of the Tigers, unless required for a medical or public safety emergency. In the event Defendants administer or cause a third party to administer any sedation to the Tigers, Defendants shall notify Plaintiff within 24 hours of such administration of a sedation drug.

5.     Defendants shall provide Plaintiff, TWAS, their vehicles, equipment and agents, reasonable and necessary access to the Tigers and entry into their enclosures, and to all facility ingress and egress points in order to permit the safe and efficient transfer and loading of the Tigers. Plaintiff, TWAS, and their agents must transport the Tigers from their enclosures to the transport vehicles via rolling cages, and may do so using a forklift that may enter the property.

6.     Defendants will not assist in the loading or unloading or sedation of the six tigers. Defendants shall not harass Plaintiff, TWAS, or their agents, interfere with the transfer of the Tigers, or otherwise create any dangerous condition or hostile environment. Plaintiffs, TWAS,

and their agents will not interact or attempt to interact with any animals other than the six tigers subject to this Order.

7. The transfer and transport of the Tigers may be subject to verification that the Tigers are in sufficient good health and physical condition to be transferred and transported to TWAS based upon the medical judgment of a veterinarian. Both Plaintiff and TWAS may have one veterinarian on site on the day of the transport. If any Tiger is deemed medically unfit for transport, the remaining Tigers may nevertheless be transported.

8. Defendants shall execute all documents, including but not limited to a USDA APHIS 7020 Form, necessary to effect the transfer and transport of the Tigers to TWAS or its agents. Once the Tigers are in possession of Plaintiff, TWAS, or their agents, Defendants are not responsible for any licensing or documentation necessary to effectuate the transport of the tigers.

9. Defendants shall not "dart," anesthetize or otherwise take any measures to immobilize the Tigers, but TWAS or a veterinarian is expressly authorized to do so.

10. Defendants will continue to feed the tigers through Sunday, March 29, 2020. To mitigate the risk of aspiration if any of the Tigers are sedated prior to transport, Defendants shall withhold all food from the Tigers, including removing all remnants of food material from the Tigers' enclosures and holding areas beginning at 7:00 am on Monday, March 30, 2020—the day before the scheduled day of the Tigers' transfer and transport. Defendants shall provide the Tigers with clean, potable water at all times prior to the transfer.

11. Plaintiff and TWAS shall bring no more than ten (10) persons total onto Defendants' property to effect the Tigers' transfer. Defendants shall have no more than eight (8) persons, inclusive of the defendants and Kenneth Stearns, on the Dade City's Wild Things ("DCWT") property during the time the Tigers are being transferred by Plaintiff and TWAS.

12.     To ensure the safety of the public and those involved in the transfer and transport of the Tigers, Plaintiff and TWAS agree to effectuate the transfer when Dade City's Wild Things is closed to the public. The transfer will take place on Tuesday, March 31, 2020, beginning at 8:00 a.m., and the transfer shall be completed over the course of one day.

13.     Further, to ensure the safety of those involved in the transfer and transport of the Tigers, and to ensure maintenance of the peace, the Parties and TWAS are expressly prohibited from disclosing to anyone other than a party, counsel of record, or persons who will be involved in the actual transfer of the Tigers, the date and/or time that TWAS, PETA and their agents shall be present on Defendants' property to effectuate the transfer. The Parties, their agents, and TWAS also shall not disclose any information concerning the transfer to anyone who will not be involved in the actual transfer of the Tigers, or is not a party, or counsel of record in this action until the Tigers have left the property at DCWT. The Parties and TWAS, however, are authorized to contact the U.S. Marshals, Pasco County law enforcement authorities, Florida Fish and Wildlife Conservation Commission, and any private security providers they may retain, and present this Order to them, so that necessary arrangements can be made in advance of the transfer to ensure the public peace is maintained prior to, during, and immediately after the Tigers have been transferred to TWAS from Defendants' property. The Parties are also authorized to contact veterinarians to make arrangements for execution of the CVIs for the tigers, transmission of the CVIs to the Colorado Department of Agriculture, and to attend the transfer and transport of the Tigers on the date mutually agreed upon by the Parties

14.     Attendees of the transfer from PETA and TWAS who will be on the property at DCWT shall sign a waiver of liability form, the terms of which will be negotiated by the Parties.

Any attendees of the transfer must sign and return to Defendants' counsel a waiver of liability form prior to the day of the transfer.

15. The Parties, TWAS, and their agents shall not engage in video recording, audio recording, or photography while Plaintiff and TWAS are at Defendants' property for the transfer. The Parties are ordered to facilitate and effect the physical transfer of the Tigers as set forth herein on March 31, 2020. This time period may be extended only by Order of the Court.

16. Once the Tigers are in possession of TWAS or its agents, TWAS and its agents will be responsible for compliance with all state and federal laws and regulations regarding the possession, ownership, transport, and care of the Tigers for the remainder of the Tigers' lifetimes and Defendants will have no further duties with respect to those Tigers. The Tigers will be deemed to be in the possession and under the ownership of TWAS after DCWT unlocks the tiger cages at TWAS' direction during the Transfer.

17. No later than seven (7) calendar days following the filing of this ORDER, the Parties are to provide a joint status report to this Court regarding the transport of the Tigers to TWAS.

18. The Court retains jurisdiction over this matter to the extent necessary to enforce this Order and effectuate the relief ordered herein.

19. By consenting to the form of relief set forth within this Order, no party has waived any rights that may apply to relief not contemplated by this order, post-judgment, or upon appeal.

20. Defendants' Emergency Motion to Vacate March 9, 2020 Transfer Order and Allow Other Transfer of Tigers (Doc. 319) is DENIED. To the extent any inconsistencies exist

between this Order and the March 9, 2020 Order (Doc. 313), this Order controls, as it supersedes the previous Order.

21.     Plaintiff's Expedited Motion to Extend Time to Transfer Tigers to the Wild Animal Sanctuary and Request for an Emergency Telephonic Hearing (Doc. 320) is GRANTED, in part, and DENIED, in part. The Motion is GRANTED to the extent that the Court held an emergency telephonic hearing on March 27, 2020. In all other respects, the motion is DENIED.

DONE AND ORDERED this 30th day of March 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record