UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.,

    **Plaintiff,**

v.                                               Case No.: 8:16-cv-2899-T-36AAS

DADE CITY'S WILD THINGS, INC.,
et al.,

    **Defendants.**
_____/

## ORDER

People for the Ethical Treatment of Animals, Inc. (PETA) moves to strike the declaration of Kathy Stearns regarding the March 31, 2020 tiger transfer (the declaration) (doc. 325). (Doc. 326). In the alternative, PETA requests leave to respond to the declaration. (*Id.*).

The court required the parties to file a joint status report after the March 31, 2020 tiger transfer, and the parties complied. (Docs. 323, 324). The following day, Ms. Stearns filed the declaration. (Doc. 325). The declaration neither requests relief nor supports a motion or response.

"Federal Rule of Civil Procedure 7(a) enumerates the exclusive list of pleadings that are allowed in federal court. . . . Notably absent from this list of allowable pleadings is the affidavit. . . . Instead, an affidavit is a form of testimony, the filing of which must accompany the motion or response it is intended to support." *Sentinel Capital Orlando, LLC v. Centennial Bank*, No. 6:12-CV-785-ORL-40GJK, 2014 WL

12618336, at *1-2 (M.D. Fla. Sept. 4, 2014) (citations omitted). Indeed, Federal Rule of Civil Procedure 6(c)(2) requires that "[a]ny affidavit supporting a motion must be served with the motion." The declaration is procedurally improper.

Accordingly, PETA's motion to strike Ms. Stearns' declaration (Doc. 326) is **GRANTED**. The Clerk is directed to **STRIKE** the declaration. If Ms. Stearns' seeks judicial relief, she must do so in the form of a motion that complies with applicable federal and local rules.

**ORDERED** in Tampa, Florida on April 9, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge